# STATE OF OREGON,
*Respondent,*

*v.*

# KRISTINA ANNETTA GAGE,
*Appellant.*

(P-022997, DA 388278;
CA A63066 (Control), CA A63067)
(Cases Consolidated)

806 P2d 1159

Mary M. Reese, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Katherine H. Waldo, Assistant Attorney General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant appeals her convictions for driving under the influence of intoxicants, ORS 813.010, and assault in the fourth degree. ORS 163.160. She assigns error to the trial court's denial of her motion for expert witness fees. We affirm.

Defendant was involved in an automobile accident in which her car collided with a telephone pole at high speed while trying to outrun another car. Heath, a witness to the accident, approached and saw a man, later identified as Enders, run away from the passenger's side of the car. The driver's door was blocked by an embankment. Heath saw defendant lying unconscious in the front seat, with her feet on the passenger's side and her head toward the driver's side of the car. When Officer Sponhauer arrived at the scene, he noticed that defendant, who had regained consciousness, had poor balance and a strong odor of alcohol on her breath. At that time, defendant denied that she was the driver and denied knowing the name of the driver. She also denied knowing Enders. One of the passengers in the car, Massingale, also denied that defendant was the driver, but was evasive about the actual driver's identity. At trial, defendant testified that Enders had been driving but that she had been afraid to identify him as the driver.

Before trial, defendant moved for funds to hire an accident reconstructionist who, she claimed, would be able to determine, on the basis of physical evidence from the accident, photographs of the automobile and defendant's medical records, whether defendant was driving the car when it crashed. Attached to the motion was the affidavit of defendant's court-appointed attorney, which stated:

> "The services to be performed by Wongs include four hours of investigation of the scene, review of medical records, photographs and police reports, and testimony;
>
> "The services will be performed by a Registered Professional Engineer for $60.00 per hour;
>
> "Sixty dollars an hour is a reasonable fee for the services of a Licensed Professional Engineer with experience in accident reconstruction;
>
> "Wongs' estimated cost for preparing for this case is $700.00;

"The $1,000.00 fee requested in this Order is the minimum fee authorization accepted by Wongs, for court-appointed services."

The trial court denied the motion on the grounds that

"[Defendant] will testify she wasn't driving. [The court] concludes the amount requested for expert witness and need for witness [are] not justified."

The statute governing expert witness fees for a person who is represented by court-appointed counsel is ORS 135.055(3). It provides:

"The person for whom counsel has been appointed is entitled to *reasonable* expenses for investigation, preparation and presentation of the case. The person or counsel for the person may upon motion * * * secure approval and authorization of payment of such expenses as the court finds are *necessary and proper* in the investigation, preparation and presentation of the case, including * * * expert witness fees. The motion must be accompanied by a supporting affidavit which sets out in detail the purpose of the requested expenditure, the name of the service provider or other recipient of the funds, the dollar amount of the requested expenditure which may not be exceeded without additional authorization and the date or dates during which the service will be rendered or events will occur for which the expenditure is requested." (Emphasis supplied.)

Defendant contends that the trial court abused its discretion in concluding that the need for an expert witness fee was not justified on the ground that defendant would testify. The trial court had adequate reason to deny the motion on the basis of its conclusion that the amount requested was not justified. In her affidavit, defendant's counsel indicated that the expert witness would perform four hours of service for which a justified charge would be $60 per hour, which amounts to a total of $240. However, the requested fee was a "minimum" of $1,000. Under the circumstances, that is not a "reasonable expense," as a matter of law.

Affirmed.